```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**STATE VOLUNTEER MUTUAL INSURANCE COMPANY**                              **PLAINTIFF**

        v.                Civil No. 06-5181

**LISA McGRAW, M.D.; SCOTT W. JONES;
and LIZABETH JONES**                                                     **DEFENDANTS**

## MEMORANDUM OPINION

    Now on this 20th day of April, 2007, comes on for consideration plaintiff's **Motion For Summary Judgment** (document #10), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

    1.  This is a suit for declaratory judgment. Plaintiff State Volunteer Mutual Insurance Company ("SVMIC") was the professional liability insurance carrier for defendant Lisa McGraw, M.D., who was sued for malpractice by defendants Scott W. Jones and Lizabeth Jones. SVMIC now seeks summary judgment to the effect that it has no duty to defend or indemnify McGraw under the terms of the coverage afforded her.

    2.  Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States, 31 F.3d 696 (8th Cir. 1994).** Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is

susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995).** The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, **838 F.2d 268 (8th Cir. 1988).**

    3. The parties in this case filed a **Stipulation Of Facts**, and in addition, pursuant to **Local Rule 56.1**, SVMIC filed a statement of facts which it contends are not in dispute, and to which no defendant has objected. Based on these documents the Court finds the following significant facts to be undisputed:

* SVMIC issued medical professional insurance policy number 89-Y524 (the "Policy") to Dr. Lisa McGraw. The Policy was in force from April 30, 2004, through April 30, 2005. A true and correct copy of the Policy is attached as Exhibit A to the Complaint in this matter.
* The Policy provided, in Section 3(c) of its "General Conditions," that "[i]f claim is made or suit is brought against the **insured**, the **insured** shall immediately forward to the Company every demand, notice, summons or other process received by him/her or his/her representative. . . . If the **insured** fails to comply

>     with his/her obligations under this policy, the
>     Company's obligations to the **insured** under this policy
>     shall terminate, including any liability or obligation
>     to defend, prosecute or continue any litigation."
>     (Emphasis in original.)

*   The Policy further provided, in Section 4, that "[n]o action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy . . . ."

*   On November 22, 2004, defendants Scott and Lizabeth Jones filed a Complaint in the Circuit Court of Benton County, Arkansas, naming McGraw as one of the defendants (the "<u>Jones</u> suit").  The case was assigned case number CV 2004-1775-4.

*   McGraw was served with the Complaint and Summons in the <u>Jones</u> suit on December 2, 2004.

*   No timely response to the <u>Jones</u> Complaint was filed by or on behalf of McGraw, and on March 23, 2005, a Default Judgment was entered against her.

*   On March 29, 2005, SVMIC learned of the entry of the Default Judgment against McGraw from a paralegal for the attorney representing one of McGraw's co-defendants.

*   On April 18, 2005, a hearing on the issue of damages was conducted in the <u>Jones</u> suit, and a Judgment for damages

>           in the amount of $500,000.00 was awarded against McGraw.
> *   On May 12, 2005, SVMIC received notice of the service of a Writ of Garnishment against McGraw's employer in connection with the Judgment against McGraw.
> *   In May, 2005, SVMIC retained counsel for McGraw, and a motion was filed seeking to set aside the Default Judgment.  This motion was denied.
> *   McGraw appealed the denial of her motion to set aside Default Judgment to the Arkansas Supreme Court.  The trial court was affirmed in its refusal to set aside the Default Judgment, but the matter was reversed and remanded for another hearing on the issue of damages.

4.   Under Arkansas law, which applies in this diversity case, timely notice is a condition precedent to coverage under an insurance policy where the policy uses "language that necessarily implies that the provision is a condition precedent." **Kimbrell v. Union Standard Insurance Co.**, **207 F.3d 535, 536 (8th Cir. 2000)**.

In **Kimbrell**, the Court held that

> the policy "conditions" stating that the insured must give prompt notice and immediately forward legal papers (notice provisions), combined with the requirement that no legal action may be brought without "full compliance with . . . [the] Coverage form," establish by necessary implication that the notice provisions are conditions precedent to recovery.

**207 F.3d at 537**.  The Policy here under consideration contains provisions substantially similar to those in **Kimbrell**, and the

Court concludes that the notice provisions are conditions precedent to coverage under the Policy.

5.   Scott and Lizabeth Jones do not seriously dispute that the notice provisions are conditions precedent.  Their argument is that SVMIC could have come in on behalf of McGraw when it received actual notice of their claim -- before the hearing on damages -- and that the outcome of the matter might then have been different.

This argument ignores the holding of **AIG Centennial Insurance Co. v. Fraley-Landers, 450 F.3d 761, 767 (8th Cir. 2006),** that "Arkansas law does not require any showing of prejudice to the insurer when the insured fails to give the insurer notice of loss, and the giving of notice was made a condition precedent to coverage."  The Court, of course, cannot ignore that holding, and when it is applied, there is no question that plaintiff's motion must be granted.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Summary Judgment** (document #10) is **granted**, and Judgment in favor of plaintiff will be entered concurrently herewith.

**IT IS SO ORDERED.**

                                       **/s/ Jimm Larry Hendren**
                                       **JIMM LARRY HENDREN**
                                       **UNITED STATES DISTRICT JUDGE**